IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFERY HOSWELL, individually and ) | |
| JANE BLAKE, individually ) | |
| ) | |
| Petitioners, ) | Case No. 07 C 6946 |
| v. ) | |
| ) | Honorable Judge Bucklo |
| ROBERT J. O'BRIEN, individually and d/b/a ) | Magistrate Denlow |
| R.J. O'BRIEN & ASSOCIATES ) | |
| ) | |
| Respondent ) | |

MEMORANDUM OF RESPONDENT ROBERT J. O'BRIEN
IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT
PURSUANT TO RULE 60(b)(3) AND ENTRY OF MODIFIED JUDGMENT

ROBERT J. DEPKE
Rockey, Depke & Lyons LLC
Suite 5450 Sears Tower
233 S. Wacker Drive
Chicago, Illinois, 60606

Attorneys for Respondent

Background Facts

The parties dispute arises out of a construction agreement made between Respondent and Petitioners. Pursuant to this agreement, for the purpose of resolving their dispute, Respondent and Petitioners participated in an arbitration hearing held during September of 2007. On October 29, 2007, the American Arbitration Association issued an Award of Arbitrator in favor of Petitioners. (Exhibit A).

Page 3 of the Award of Arbitrator in the final full paragraph indicates that the total amount of the award is the $8,400 deposit in addition to the $2400 share of the Arbitrator compensation and $726.98 representing court reporter fees. Significantly, the Award of Arbitrator did not award any attorney's fees arising out of this dispute. The final page of the Award of Arbitrator states that the Award is in full settlement of all claims submitted to the Arbitration.

On December 10, 2007, Petitioners filed a petition to confirm arbitration award with this Court. On December 12, 2007, counsel for Petitioners filed a motion and notice of motion of petition to confirm arbitration award. In paragraph 16 of Petitioners Amended Petition to Confirm Arbitration Award, Petitioners represented that pursuant to the Agreement which was subject to the dispute resolved by the Award of Arbitrator, the prevailing party was entitled to "recover costs of arbitration, the costs to convert the arbitral award to judgment, and costs of collection including, but not limited to, reasonable attorney's fees, and costs."

Petitioners falsely represented that they were entitled to recovery of their attorneys fees incurred prior to the Award of Arbitrator. See, for example, the Affidavit of Attorneys fees for Maureen Beck. (Exhibit B). Notably, a review of the Affidavit of Attorneys fees indicates that the bulk of the time entries for which Petitioners sought recovery were incurred prior to entry of

the Award of Arbitrator. Contrary to the representations of Petitioners through their counsel, there is no basis for the modification of the Award of Arbitrator to include award of attorney's fees. Significantly, the Award of Arbitrator did not grant Petitioner an award of any attorney fees whatsoever.

On December 18, 2007, this Court entered judgment in favor of Petitioners in an amount of $14,253.48 including the original amount of the Award of Arbitrator and both the attorney fees and costs sought by Petitioner.

Argument

Pursuant to Rule 60 (b)(3) of the Federal Rules of Civil Procedure, O'Brien seeks an order modifying the judgment previously entered in this matter. Rule 60 (b)(3) in an appropriate case authorizes the District Court to set aside a judgment due to fraud or misrepresentation. Ty Inc. v. Softbelly's, Inc. 353 F.3d 528 (7th Cir. 2003). The basis for O'Brien's motion is that the judgment previously entered by this Court inappropriately modified the Arbitration Award entered against O'Brien to include Petitioner's attorneys fees unrelated to the collection of the Arbitration Award in addition to the appropriate award of costs for converting the Arbitration Award into a judgment.

The only basis for the award of attorney's fees by this Court is the misrepresentation by Petitioners that an award of attorney's fees for matters unrelated to the collection of the Arbitration Award is appropriate. A review of both the Award of Arbitrator as well as the underlying contractual provisions confirms that there is no basis for the award of attorney's fees made by this Court in converting the Award of Arbritrator.

Petitioners correctly indicated in their motion for fees that the agreement of the parties provides that the prevailing party, "recover costs of arbitration, the costs to convert the arbitral

-2-

award to judgment, <u>and costs of collection including, but not limited to, reasonable attorney's fees</u>, and costs." (emphasis added).  It is clear from the referenced language that the only provision for attorney's fees applies to the "costs of collection."  Significantly, there is no reference to attorneys fees in relation to the costs of arbitration or the cost of converting the arbitral award to judgment.  Consistent with this language, the arbitrator made no award of attorneys fees.  Nevertheless, petitioners falsely represented to this Court that in converting the Award of Arbitrator Petitioners were entitled to recover their attorneys fees for activities unrelated to collection of the Award.

## CONCLUSION

In light of the foregoing, Respondent respectfully submits that the judgment previously entered by this Court incorrectly modified the Award of Arbitrator to incorporate attorney fees incurred by Petitioners in advance of any collection efforts associated with the collection of Award of Arbitrator.  Respondent therefore requests that this Court grant relief from the prior judgment and enter judgment in favor of Petitioners in the amount of the Award of Arbitrator plus any costs associated with converting the Award of Arbitrator.  Petitioner is prepared to satisfy this judgment immediately.

Respectfully submitted,

/s/ Robert J. Depke
ROBERT J. DEPKE
  Rockey, Depke, & Lyons, LLC
  Sears Tower, Suite 5450
  233 South Wacker Drive
  Chicago, Illinois 60606
  Telephone:  312-277-2006
  Facsimile:  312-441-0570

Attorney for Respondent

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 19, 2008, a true and correct copy of the foregoing MEMORANDUM OF RESPONDENT ROBERT J. O'BRIEN IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)(3) AND ENTRY OF MODIFIED JUDGMENT was filed electronically with the Clerk of Court using the CM/ECF System, which will provide electronic notice to the following attorneys for Petitioners:

>Maureen Ann Beck
>Coman & Anderson, P.C.
>2525 Cabot Drive, #300
>Lisle, Illinois 60532
>mbeck@comananderson.com

>/s/ Robert J. Depke
>One of Respondent's Counsel

-4-