# EXHIBIT A

# AMERICAN ARBITRATION ASSOCIATION

## COMMERCIAL ARBITRATION TRIBUNAL
## CONSTRUCTION INDUSTRY ARBITRATION TRIBUNAL

In the Matter of the Arbitration between

Jeffery Hoswell, Jane Blake
and
Robert J. O'Brien dba R. J. O'Brien & Associates

51-421-L-000894-07

## AWARD OF ARBITRATOR

I THE UNDERSIGNED ARBITRATOR having been appointed by the American Arbitration Association pursuant to its authority as a Limited Service case in accordance with the arbitration agreement entered into by the parties dated December 20, 2006, and having been duly sworn, the parties appearing without legal counsel and having heard the duly sworn testimony of the parties, the exhibits, proofs and allegations of the parties, including the submissions submitted by the parties, do find as follows:

The Claimants' position is that no useable work product was produced by O'Brien and Respondent's position is that it engaged in the process of gathering bids prior to construction for which it should be compensated, despite the fact that no construction commenced.

1.    The Construction Management Agreement dated December 20, 2006 specifically states that Robert J. O'Brien was to provide for the "supervision of construction" of a "new home to be built on Owner's property." Nothing contained in the Agreement provides for compensation for pre-construction services.

2.    It further states that "Work under this contract shall begin within 30 business days after Owner has given G.C. notice they have been approved for construction permit, financing to complete said project, and payment of the initial deposit equal to 10% of the projected G.C. fee." The testimony and documentary evidence presented by Claimants clearly indicate that Claimants met these conditions. The testimony and documentary evidence presented by the parties is uncontradicted that construction was not commenced with the foregoing 30 day period.

3.    Further, the documentary evidence presented by Claimants show that despite telephone calls to O'Brien on May 4 and May 7, 2007 by Claimants and a written Notice pursuant to Section 15.1 of the agreement on May 14, 2007, O'Brien failed to respond in any manner.

4.    On May 21, 2007 in accordance with the terms of the Agreement, Claimants sent their Notice of Termination to O'Brien which was then followed up by

574515/C/1



**EXHIBIT 3**

Claimants' letter of May 29, 2007 requesting a return of the deposit of $8400 due to the failure of O'Brien to commence work within the time period specified in the Agreement. The evidence presented shows that the Notice of Termination was not responded to by O'Brien either verbally or in writing.

     5.     On June 13, 2007, Counsel for Claimants sent a further demand letter to O'Brien which was not responded to by O'Brien.

     6.     The sworn testimony of the parties further indicated the following:

     A.     William Farrell the designated Project Manager had no substantive experience in construction having devoted 25 years in the automobile business and his only construction experience was his personal home and a "high end" residential garage.

     B.     O'Brien furnished no time records or other reliable evidence to support his claim relating to the amount of time devoted to the bidding process.

     C.     There was no objection by or communication from O'Brien that Claimants in any failed to perform their contractual obligations in a timely manner.

     D.     O'Brien conceded that he failed to respond in any manner to the various notices from Claimants' demands. See testimony of O'Brien p.54, lines 15-21, p.58, lines 17-24, p.59 lines 20-24, p. 60, lines 1-24.

     7.     Based upon the record, the submissions of O'Brien, the testimony of Eric O'Brien, Robert O'Brien and William Farrell, the Respondent has failed to sustain its burden of proof with regard to the defenses raised by it.

     8.     I further find that Respondent breached its contract with Claimants.

Therefore I hereby AWARD as follows:

     A.     To Jeffery Hoswell and Jane Blake-Hoswell the sum of $8,400.00, the sum initially deposited with Respondent.

     B.     The compensation of the Arbitrator totaling $4,800.00 including expenses of the Arbitrator and the fees of the court reporter in the amount of $726.98 shall be borne by R.J. O'Brien dba R.J. O'Brien & Associates.

Therefore, O'Brien shall pay to Jeffery Hoswell and Jane Blake-Hoswell the sum of $8,400.00 representing the return of their deposit; $2,400.00 representing their portion of the deposit for Arbitrator compensation and expenses previously advanced to the Arbitrator; and $726.98 representing the court reporter fees advanced within 30 days from the date of this Award.

574515/C/1                                        2

This Award is in full settlement of all claims submitted to this Arbitration.  All claims not expressly granted herein are hereby denied.

Date: October 29, 2007

Signed:

Stanley P. Sklar, Arbitrator