UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFERY HOSWELL, individually and <br> JANE BLAKE, individually <br><br> Petitioners, <br> v. <br><br> Robert J. O'Brien, individually and d/b/a <br> R.J. O'Brien & Associates <br><br> Respondent. | ) <br> ) <br> ) <br> ) Case No. 07 C 6946 <br> ) <br> ) Honorable Elaine E. Bucklo <br> ) Magistrate Morton Denlow <br> ) <br> ) <br> ) |

**PETITIONERS' RESPONSE TO**
*RESPONDENT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)(3) AND ENTRY OF MODIFIED JUDGMENT IN LIEU OF CITATION TO DISCOVER ASSETS AND CONTEMPT CITATION* **(Docket Entry No. 30)**

NOW COME PETITIONERS, Jeffery Hoswell, individually ("Hoswell") and Jane Blake, individually ("Blake") (collectively "Petitioners"), by and through their attorneys, Coman & Anderson, P.C., and hereby respond to Robert J. O'Brien's individually, and d/b/a R.J. O'Brien & Associates ("O'Brien" or "Respondent") Motion for Relief from Judgment Pursuant to Rule 60(b)(3) and Entry of Modified Judgment in Lieu of Citation to Discover Assets and Contempt Citation (Docket Entry No. 30) (hereinafter "Respondent's Motion") as follows:

1. Respondent's Motion is brought pursuant to Federal Rule of Civil Procedure 60(b)(3) which states:

> *On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:…fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;*

F.R.C.P. 60(b)(6).

1

2.    In his Motion and supporting Memorandum (Docket Entry Nos. 30 and 32), Respondent repeatedly states that Petitioners, through counsel, misrepresented and/or falsely represented the terms of the Construction Management Agreement (between the Parties) pertaining to attorneys' fees in Petitioners' "Petition to Confirm Arbitration Award" (Docket Entry No. 6).  *See* Docket Entry No. 30 at Para. 2.  *See also*, Docket Entry No. 32 at Page 1 (Para. 4), Page 2 (Para. 3), Page 3 (Para. 1).

3.    A review of the "Petition to Confirm Arbitration Award" in its entirety demonstrates that Respondent's accusations are unfounded, in addition to being personally offensive to Petitioner's counsel, as well as this Court.

4.    It is difficult to understand how Respondent can honestly argue that any misrepresentations were made by Petitioners or their counsel in the "Petition to Confirm Arbitration Award", especially in light of the fact that the "representations" made by Petitioners were <u>exact</u> <u>quotes</u> of the language providing for the fees awarded.  *See* Docket Entry No. 6 at Para. 16.  Petitioners did not paraphrase or otherwise interpret the provision at issue, rather, the actual provision was quoted in pertinent part.  <u>Id</u>.

5.    In addition, Petitioners attached a complete copy of the Construction Management Agreement to their Petition.  *See* Docket Entry No. 6, Exhibit 1.

6.    Interestingly, Respondent acknowledges that "<u>Petitioners correctly indicated</u> in their motion for fees that the agreement of the parties provides that the prevailing party, "recover costs of arbitration, the costs to convert the arbitral award to judgment, and costs of collection including, but not limited to, reasonable attorney's fees, and costs" (emphasis added) but in the next breath states that Petitioners "falsely

represented to this Court" that they were entitled to recover attorneys' fees as requested. Petitioners did no such thing.

7. As stated before, and as evidenced by a review of Petitioners' Petition (Docket Entry No. 6), Petitioners quoted the attorney fee provision at issue, correctly cited the provision and attached a complete copy of the Agreement to the Petition. The provision, in its entirety, was properly before this Court for its review in determining whether to grant Petitioners' Petition, in its entirety or in part.

8. Petitioners also clearly advised the Court that Petitioners were awarded $11,526.98 by the Arbitrator, and attached a complete copy of the award to their Petition. *See* Docket Entry No. 6, at Para. 13 and Exhibit 3, attached thereto.

9. Further, as Respondent acknowledges, Petitioners' Counsel attached a detailed Affidavit of Attorney's Fees to the original Petition (*See* Docket Entry No. 6, Exhibit 4), which clearly indicated the dates, times and description of work performed for which an award of fees was being requested. As with the fee provision at issue, this Affidavit was properly before this Court for its review in determining whether to grant Petitioners' Petition, in its entirety or in part.

10. Additionally, Respondent was provided with proper notice of Petitioners' Petition as well as the hearing on same. As with all prior attempts to resolve this matter without Court involvement, Respondent failed to address this matter and failed to appear as noticed.

11. With the complete Construction Management Agreement in hand, coupled with a detailed Affidavit for Attorney's Fees, as well as all relevant documents related to

Petitioners' Petition, this Court correctly interpreted the language of the provision at issue and properly entered judgment in the amount of $14,253.48.

13. This amount was not based on any misrepresentation or other false representation, but rather, supported by proper, complete documentation provided to the Court for its review.

13. Thereafter, Petitioners commenced collection efforts on this judgment. To date, Petitioners have incurred additional attorneys' fees in the amount of $5,226.00 and costs in the amount of $662.81 for a total of $5,888.81 (five thousand eight hundred eighty eight dollars and 81/100 cents). *See* Affidavit of Maureen A. Beck, Esq. attached hereto as Exhibit A.

14. Pursuant to the Construction Management Agreement, and as conceded by Respondent in his Motion, Petitioners are entitled to recover these additional fees and costs (related to collection) from Respondent. *See* Docket Entry No. 32 at Page 3 (Para. 1).

WHEREFORE, Petitioners, Jeffery Hoswell and Jane Blake, respectfully request that this Court enter an Order:

a. Denying Respondent's Motion for Relief from Judgment Pursuant to Rule 60(b)(3) and Entry of Modified Judgment in Lieu of Citation to Discover Assets and Contempt Citation in its entirety;

b. Confirming the December 18, 2007, judgment in the amount of $14,253.48;

  c. Awarding Petitioners additional attorney's fees and costs incurred to date (pursuant to the Construction Management Agreement, Section 15.3A) in the amount of $5,888.81 (five thousand eight hundred eighty eight dollars and 81/100 cents); and

  d. Any such other and further relief as this Court deems just and proper.

           Respectfully submitted,

           JEFFERY HOSWELL and JANE BLAKE


           By: *__s/Maureen A. Beck__*
             One of their Attorneys

           Maureen A. Beck, ARDC #06274541
           COMAN & ANDERSON, P.C.
           2525 Cabot Drive, Suite 300
           Lisle, Illinois 60532
           (630) 428-2660
           mbeck@comananderson.com

**CERTIFICATE OF SERVICE**

  The undersigned, an attorney, hereby certifies that she caused a copy of the foregoing **PETITIONERS' RESPONSE TO *RESPONDENT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)(3) AND ENTRY OF MODIFIED JUDGMENT IN LIEU OF CITATION TO DISCOVER ASSETS AND CONTEMPT CITATION*** to be filed with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF filing system, which caused a copy to be electronically mailed to the following CM/ECF Participants on this 22nd day of May, 2008:

Robert J. Depke
Rockey, Depke & Lyons, LLC
Sears Tower, Suite 5450
233 South Wacker Drive
Chicago, Illinois 60606

  The undersigned, an attorney, also certifies that she will cause a copy of the foregoing **PETITIONERS' RESPONSE TO *RESPONDENT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)(3) AND ENTRY OF MODIFIED JUDGMENT IN LIEU OF CITATION TO DISCOVER ASSETS AND CONTEMPT CITATION*** to be served on the following Non-Participant by delivering same via First Class Mail on this 22nd day of May, 2008:

**N/A**

  The undersigned, an attorney, also certifies that pursuant to Local Rule 5.2, a "Judge's Copy" of the foregoing **PETITIONERS' RESPONSE TO *RESPONDENT'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)(3) AND ENTRY OF MODIFIED JUDGMENT IN LIEU OF CITATION TO DISCOVER ASSETS AND CONTEMPT CITATION*** will be delivered to Chambers via Federal Express this 22nd day of May, 2008:

Honorable Judge Bucklo
United States District Court
219 South Dearborn Street
Room 1438
Chicago, Illinois 60604

                  *s/ Maureen A. Beck*