IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFERY HOSWELL, individually and <br> JANE BLAKE, individually | ) <br> ) <br> ) | |
| Petitioners, | ) | Case No. 07 C 6946 |
| v. | ) <br> ) | Honorable Judge Bucklo |
| ROBERT J. O'BRIEN, individually and d/b/a <br> R.J. O'BRIEN & ASSOCIATES | ) <br> ) <br> ) | Magistrate Denlow |
| Respondent | ) | |

REPLY OF RESPONDENT ROBERT J. O'BRIEN IN SUPPORT OF
MOTION FOR RELIEF FROM JUDGMENT PURSUANT
TO RULE 60(b)(3) AND ENTRY OF MODIFIED JUDGMENT

ROBERT J. DEPKE
Rockey, Depke & Lyons LLC
Suite 5450 Sears Tower
233 S. Wacker Drive
Chicago, Illinois, 60606

Attorneys for Respondent

**I.     THE RELIEF SOUGHT BY RESPONDENT IS
       APPROPRIATE AND SHOULD BE GRANTED**

In response to Respondent's Motion for Relief From Judgment Pursuant To Rule 60(b)(3), Petitioners Jeffery Hoswell and Jane Blake incorrectly assert that the basis for Respondent's Motion is that Petitioners have <u>misrepresented the terms of the Construction Management Agreement</u>. (Paragraph 2 of Petitioner's Response). Petitioners then state that because they were honest in quoting the language of the relevant provisions, the Judgment of the court therefore could not be based on misrepresentation as asserted by the Respondent in the instant motion.

Significantly, Petitioners are completely silent regarding any explanation as to how the cited provisions of the Construction Management Agreement would properly support the recovery of the attorneys fees set forth in the original Affidavit for Attorney Fees of Maureen Beck. (Exhibit B attached to Respondent's original Motion). The fact remains that as honest as Petitioner's were in correctly quoting the relevant language of the Construction Management Agreement, they were equally dishonest in misrepresenting the propriety of the additional award of attorney fees in converting the arbitration award to judgment. Respondent's motion is based on this misrepresentation of Petitioner's that there is some basis for the award of the additional attorneys fees.

As noted previously, in resolving the dispute of the parties, the American Arbitration Association issued an Award of Arbitrator in favor of Petitioners. (Exhibit A attached to Respondent's original Motion). Page 3 of the Award of Arbitrator in the final full paragraph indicates that the total amount of the award is the $8,400 deposit in addition to the $2400 share of the Arbitrator compensation and $726.98 representing court reporter fees. <u>Significantly, the</u>

<u>Award of Arbitrator did not award any attorney's fees arising out of this dispute</u>.  The final page of the Award of Arbitrator states that the Award is in full settlement of all claims submitted to the Arbitration.

On December 10, 2007, Petitioners filed a petition to confirm arbitration award with this Court.  <u>Only two days later and before Respondent could retain counsel</u>, on December 12, 2007, counsel for Petitioners filed a motion and notice of motion of petition to confirm arbitration award.  Only one week later Petitioners had a Judgment that enhanced the Award Arbitration by almost 25%.

In paragraph 16 of Petitioners Amended Petition to Confirm Arbitration Award, Petitioners represented that pursuant to the Agreement which was subject to the dispute resolved by the Award of Arbitrator, the prevailing party was entitled to "recover costs of arbitration, the costs to convert the arbitral award to judgment, and costs of collection including, but not limited to, reasonable attorney's fees, and costs."

Petitioners falsely represented that they were entitled to recovery of their attorneys fees incurred prior to the Award of Arbitrator.  See, for example, the Affidavit of Attorneys fees for Maureen Beck.  (Exhibit B).  <u>Notably, a review of the Affidavit of Attorneys fees indicates the time entries for which Petitioners sought recovery were incurred prior to entry of the Award of Arbitrator.</u>  There is no basis for the modification of the Award of Arbitrator to include award of attorney's fees.  The Construction Management Agreement clearly states: the prevailing party was entitled to "recover costs of arbitration, the costs to convert the arbitral award to judgment, <u>and costs of collection including, but not limited to, reasonable attorney's fees, and costs</u>."

Indeed the only reference to attorney's fees in the Construction Management Agreement is found with reference to <u>the costs of collection</u> and there can be no dispute that the Affidavit for

Attorney's fees set forth by Maureen Beck was not directed to the "costs of collection" because the Award had not yet been converted into a judgment.

The only basis for the award of attorney's fees by this Court is the misrepresentation by Petitioners that an award of attorney's fees for matters unrelated to the collection of the Arbitration Award is appropriate. A review of both the Award of Arbitrator as well as the underlying contractual provisions confirms that there is no basis for the award of attorney's fees made by this Court in converting the Award of Arbitrator. Petitioners have not provided any explanation as to why the fees requested by Petitioners should have been awarded. The only argument proffered is that they correctly quoted the language of the contract but they do not explain how the language of the contract provides for the award of attorneys fees incurred prior to the arbitration proceeding.

## II. THE LATEST REQUEST FOR ADDITIONAL ATTORNEYS FEES IS NOT PROPERLY BEFORE THE COURT AND SHOULD BE DENIED.

In response to Respondent's Motion for Relief From Judgment Pursuant To Rule 60(b)(3), Petitioners Jeffery Hoswell and Jane Blake have set forth yet an additional request for attorneys fees. This additional request is not properly before this court as this request does not respond to the issues raised by Respondent. Respondent's should file there own should they believe that these additional fees are appropriate so that Respondent may file an appropriate response.

Respondent further notes that at least the first three entries appear to be directed to efforts associated with converting the Award to judgment and therefore the attorney fee provisions do not apply.

**III.     CONCLUSION**

In light of the foregoing, Respondent respectfully submits that the judgment previously entered by this Court incorrectly modified the Award of Arbitrator to incorporate attorney fees incurred by Petitioners in advance of any collection efforts associated with the collection of Award of Arbitrator.  Respondent therefore requests that this Court grant relief from the prior judgment and enter judgment in favor of Petitioners in the amount of the Award of Arbitrator plus the costs associated with converting the Award of Arbitrator.

The judgment amount should therefore be $ <u>11,526.</u>98(the $8,400 deposit in addition to the $2400 share of the Arbitrator compensation and $726.98 in transcription costs as awarded by the arbitration)plus the costs of converting the award to judgment incurred by petitioners.  The remaining amount is offset by any amounts collected previously by Petitioners.

                Respectfully submitted,

                <u>/s/ Robert J. Depke</u>
                ROBERT J. DEPKE
                  Rockey, Depke, & Lyons, LLC
                  Sears Tower, Suite 5450
                  233 South Wacker Drive
                  Chicago, Illinois 60606
                  Telephone:  312-277-2006
                  Facsimile:  312-441-0570

                Attorney for Respondent

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 25, 2008, a true and correct copy of the foregoing REPLY OF RESPONDENT ROBERT J. O'BRIEN IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(b)(3) ENTRY OF MODIFIED JUDGMENT was filed electronically with the Clerk of Court using the CM/ECF System, which will provide electronic notice to the following attorneys for Petitioners:

>Maureen Ann Beck
>Coman & Anderson, P.C.
>2525 Cabot Drive, #300
>Lisle, Illinois 60532
>mbeck@comananderson.com

/s/ Robert J. Depke
One of Respondent's Counsel