**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JEFFERY HOSWELL, individually and, JANE BLAKE, individually**   )<br><br>)<br>)<br>Petitioners,   )<br>)<br>v.   )<br>)<br>**Robert J. O'Brien, individually and d/b/a R.J. O'Brien & Associates,**   )<br>)<br>Respondent.    | Case No. 07 CV 6946 |

**ORDER**

On December 18, 2007, petitioners appeared before me on their amended petition to confirm the award of arbitrator dated October 29, 2007.  Despite proper notice, respondent failed to oppose the petition in writing or to appear at the hearing.  I granted the petition and entered judgment against respondents in the amount of $14,253.48.  Respondent now seeks relief from that judgment pursuant to Rule 60(e)(3), alleging that petitioners fraudulently misled the court regarding their entitlement to an award of attorneys fees.  I deny respondent's motion for the reasons discussed below.

Relief from judgment under Rule 60(b) is reserved for exceptional circumstances. *United States v. One 1979 Rolls-Royce Corniche*, 770 F.2d 713, 716 (7th Cir. 1985).  Relief may issue only upon compelling justification, and a party subject to judgment after failing to attend a duly scheduled hearing must demonstrate,

among other things, good cause for his delinquency.  *Bricklayers and Allied Craftsman Local 74 v. Consentino*, No. 91 C 5485, 1993 WL 96547 (N.D. Ill.) (Conlon, J.).

In this case, petitioners properly noticed their petition to confirm the arbitrator's award and attached to their petition an affidavit detailing the fees and costs, including attorneys fees, which they sought to include in the court's final judgment. Respondent concedes notice and offers no clear justification--much less a compelling one--for failing to appear at the December 18 hearing.  To the extent respondent purports to excuse his absence by stating that he had not retained counsel as of the date of notice, that argument is meritless.  Respondent could easily have appeared and  requested a continuance in order to obtain counsel.

Moreover, the arbitration award directed respondent to make payment to petitioners within thirty days of October 29, 2007. Having failed to make payment as directed, respondent reasonably could have anticipated that petitioners would seek to convert the arbitral award to judgment, as that process was specifically contemplated in the parties' underlying agreement.  The suggestion that respondent was somehow unfairly surprised, after failing to abide by the award of the arbitrator, by the petitioners' proper motion to convert that award to judgment defies credibility.  To the contrary, respondent's failure to appear at the hearing before

me is consistent with its pattern, apparent throughout the record,

of  obstructing the efficient resolution of this dispute.

Under the circumstances, I find that respondent has not

demonstrated the kind of extraordinary circumstances that would

warrant relief from judgment under Rule 60, and that he has waived

the substantive arguments advanced in that motion by failing to

assert them prior to judgment.

For the foregoing reasons, respondent's motion is denied.

Respondents are ordered to comply with my previous judgment in the

amount of $14,253.48.   I further award petitioners additional

attorneys fees and costs incurred in collecting judgment in the

amount of $5,245.31, pursuant to the terms of the parties'

agreement, for a total of $19,498.79.[1]


**ENTER ORDER:**

_____
        **Elaine E. Bucklo**
    United States District Judge

Dated: July 17, 2008

---

[1]Respondent's objection that petitioners' request for additional attorneys fees is not properly before the court is of no moment.  Respondents could and did address petitioners' additional request in their reply brief.  Moreover, with the exception of three items that apparently relate to converting the award to judgment and that I have excluded from the total amount, I find that the additional legal fees petitioners assert in fact relate to collection, which respondents concede are available under the parties' agreement.  Under the circumstances, I see no reason to require the parties and the court to expend additional resources in drafting and entertaining a separate motion for attorneys fees.